**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| RICHARD A. MAJOR, | Case No. 1:10-cv-530 |
| Plaintiff, | Weber, J. |
| | Bowman, M.J. |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Richard A. Major filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). By Report and Recommendation ("R&R") filed on June 30, 2011, I previously recommended that this case be remanded for further review, due to "clear legal error" and the fact that the Commissioner's decision was "not supported by substantial evidence in the administrative record." (Doc. 12 at 1). The Defendant filed no objections, and the R&R was adopted by the presiding district judge on August 12, 2011.

On September 2, 2011, Plaintiff filed a motion seeking an award of $4,000 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 15). Defendant has filed a response in opposition (Doc. 16), to which Plaintiff has filed a reply (Doc. 18).

**I. Analysis**

The EAJA provides that:

[A] court shall award to a prevailing party…fees and other expenses…incurred by that party in any civil action…including proceedings for judicial review of agency action, brought by or against the

1

> United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On the facts presented, Plaintiff is a "prevailing party" as defined; therefore EAJA fees "shall" be awarded unless the Commissioner's position was "substantially justified" or can demonstrate that "special circumstances" exist. Given the Court's conclusions in this case, Defendant wisely does not claim that the Commissioner's prior litigation position was "substantially justified" or that "special circumstances" exist that would preclude any award of fees under the EAJA.

Plaintiff seeks a fee award that encompasses 32 hours of work at $125.00 per hour, plus costs of $320.23. Plaintiff has included with his motion an itemized activity report for the hours counsel expended from initial file review on July 22, 2010, up to and including his motion for fees filed just over a year later, as well as an itemized accounting of his costs.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Here, the Defendant has no basis to object to the hourly rate (and does not), since Plaintiff's counsel has not sought an increase over the relatively modest statutory rate.

What Defendant does object to is the total time expended by counsel for what Defendant describes as a "straightforward" case that was not "novel or complex." (Doc. 16 at 2). Defendant protests that the expenditure of 21 hours on a 13-page Statement of errors was excessive. Defendant also objects to the expenditure of one-half hour for a motion for an extension of time, arguing that Plaintiff "should not be rewarded for prolonging the litigation." (*Id.*).

Plaintiff has responded with a defense of all the hours expended in his reply memorandum. While this Court notes that Plaintiff's claimed hours are slightly greater than the average fee petition in similar cases, the Court finds the Plaintiff's explanation of his billing judgment to be more than satisfactory in this case. Although perhaps not overly complex, this case presented significant legal issues. The amount of time that counsel took to review what Defendant characterizes as "only" 333 pages of medical evidence, in combination with roughly 200 pages of administrative record, was not facially unreasonable. The Court also declines to subtract the half-hour expended on Plaintiff's motion for an extension of time; approximately the same amount of time was likely required for Plaintiff's reply memorandum, for which Plaintiff has claimed no fee.

The last matter to be addressed concerns the issue of payment. Plaintiff requests that the EAJA fee award be paid directly to counsel. However, Plaintiff has not included as an exhibit to his motion a copy of any type of fee contract containing an assignment of EAJA fees, or an affidavit from the Plaintiff supporting assignment.

Even if Plaintiff had included such evidence, the United States Supreme Court has clarified that any fees awarded to a prevailing party under EAJA belong to the litigant, not to the litigant's attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Absent both confirmation that Plaintiff has assigned EAJA fees to his attorney and that Plaintiff owes no debt to the Government, the Plaintiff's request for delivery of a fee award directly to his attorney cannot be honored.

## II. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 21) be **GRANTED IN PART,** to the extent that the Commissioner should pay to Plaintiff directly a fee award in the amount of **$4,320.23**, reflecting 32 attorney hours reasonably expended multiplied by the statutory hourly rate of $125.00, plus costs, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. ___, 130 S.Ct. 2521 (June 14, 2010). If the parties confirm that Plaintiff: (1) has contractually assigned any fee award to his attorney; and (2) owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to Plaintiff's counsel in accordance with any existing fee contract.

                                                         */s Stephanie K. Bowman*
                                                         Stephanie K. Bowman
                                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RICHARD A. MAJOR,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10-cv-530

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).