UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD A. MAJOR,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10-cv-530

Weber, J.
Bowman, M.J.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff Richard A. Major filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). By Report and Recommendation ("R&R") filed on June 30, 2011, I previously recommended that this case be remanded for further review, due to "clear legal error" and the fact that the Commissioner's decision was "not supported by substantial evidence in the administrative record." (Doc. 12 at 1). On September 2, 2011, Plaintiff filed a motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 15). On February 14, 2012, I recommended that the Commissioner's objections to the amount of fees be overruled, and that the Commissioner should pay to Plaintiff an award of $4320.23. (Doc. 19).

Because Plaintiff had failed to present evidence of a contractual agreement reflecting the assignment of the EAJA fee award, and the Supreme Court has held that fee awards belong to the litigant and not to counsel, *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010), the February 2012 Report and Recommendation further concluded:

1

> Absent both confirmation that Plaintiff has assigned EAJA fees to his attorney and that Plaintiff owes no debt to the Government, the Plaintiff's request for delivery of a fee award directly to his attorney cannot be honored.....Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 21) be **GRANTED IN PART,** to the extent that the Commissioner should pay to Plaintiff directly a fee award in the amount of **$4,320.23**, reflecting 32 attorney hours reasonably expended multiplied by the statutory hourly rate of $125.00, plus costs, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. ___, 130 S.Ct. 2521 (June 14, 2010). If the parties confirm that Plaintiff: (1) has contractually assigned any fee award to his attorney; and (2) owes no debt to the Government, the Commissioner alternatively should be permitted to pay the fee award to Plaintiff's counsel in accordance with any existing fee contract.

(Doc. 19 at 4).

On February 14, 2012, in response to the R&R, Plaintiff's counsel filed a "Justification of Payment of EAJA Fees Directly to Counsel." (Doc. 20). As part of that document, Plaintiff has now attached his contractual agreement permitting counsel to recover any fee award under the EAJA. In addition, Plaintiff's counsel notes that "there is nothing in the record to suggest that Major owes a pre-existing debt to the government that might cause his EAJA award to be subject to an offset." The presiding district judge has recommitted the matter to the undersigned for additional review of the new evidence. (Doc. 21).

While the contractual agreement confirms the valid assignment of EAJA fees to Plaintiff's counsel, the undersigned must continue to recommend the payment of fees in the alternative under *Astrue v. Ratliff*, because Plaintiff's assertion concerning the absence of evidence of a pre-existing debt is not the same as an agreement by both parties or affirmative evidence that no debt exists. On the other hand, it is this Court's belief and understanding based upon the representations of counsel to the Commissioner in prior cases practiced before this Court that the fee award is likely to be

paid directly to Plaintiff's counsel so long as the Commissioner confirms or agrees that Plaintiff owes no pre-existing debt to the government.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 21) be **GRANTED IN PART,** to the extent that the Commissioner should pay either to Plaintiff directly, or to Plaintiff's counsel, a fee award in the amount of **$4,320.23**. The recommended award reflects 32 attorney hours reasonably expended multiplied by the statutory hourly rate of $125.00, plus costs, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. ___, 130 S.Ct. 2521 (2010). As Plaintiff has submitted evidence of a valid assignment of the EAJA fee award to his attorney, the Commissioner should pay the fee award to Plaintiff's counsel and not to Plaintiff in accordance with that fee contract so long as the Commissioner agrees that Plaintiff owes no pre-existing debt to the Government.

                                                   */s Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RICHARD A. MAJOR,                                Case No. 1:10-cv-530

      Plaintiff,                                      Weber, J.
                                                     Bowman, M.J.
    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).